### JONES v. JONES & a.

The discharge of a mortgage by one whose only right in it is a naked trust raised by implication of law, has no effect as against the *cestui que trust.*

BILL IN EQUITY, to set aside a discharge of a mortgage, and for an assignment of the mortgage to the plaintiff. Facts found by the court. The mortgage is of a farm in Derry, and was made September 15, 1873, by the defendant, Edward L. Jones, to secure a note for $2,750 given for money borrowed of his father, James L. Jones, who was then the husband of the plaintiff and resided in the city of New York. March 9, 1880, James L. Jones executed an assignment of the mortgage to the plaintiff, as security for money loaned by her to him. This assignment was never recorded. By consent of the plaintiff, James L. Jones also assigned the mortgage to John F. Comey, of the city of New York, by an instrument dated March 9, 1880, to secure a loan of $1,500. This assignment was recorded in the Rockingham county records, May 24, 1880. James L. Jones died November 5, 1886, leaving no estate.

In the fall of 1887, Comey called for the repayment of the loan made by him to James L. Jones, for which he held the Edward L. Jones note and mortgage as security, and the plaintiff paid him out of her separate property $1,500, the amount of the loan, and he, waiving the interest, delivered to her the Edward L. Jones note and mortgage, which she has ever since held and now holds. At the same time, by direction of the plaintiff, Comey executed

an assignment of the mortgage and note by a separate instrument, dated October 6, 1887, to the defendant Elizabeth E. Jones, which assignment was delivered to the plaintiff by Comey, and sent by her to the defendant Edward L. Jones, to be recorded in the Rockingham county registry, and was afterwards returned to the plaintiff by Edward L. Jones. At that time the plaintiff was in feeble health; and regarding her chances of recovery doubtful, she had the assignment made to Elizabeth as a temporary provision that in the event of her death the avails of the mortgage might go to the daughters of her husband instead of to her own heirs. Elizabeth E. Jones had no knowledge of the assignment to her, nor of the plaintiff's intention to have it made in her name, until she was informed of it by the plaintiff after the transaction. She never had the mortgage, note, or assignment in her possession, and never saw them before the hearing. In having the assignment made in the name of Elizabeth, the plaintiff did not intend to release her claim to the mortgage. In the summer of 1888 the plaintiff several times requested Elizabeth to execute an assignment of the mortgage to her, which she declined to do, and on the fourth day of September, 1888, she executed and delivered to the defendant Edward L. Jones a discharge of the mortgage, which he caused to be recorded in the Rockingham registry.

The discharge to Edward L. was made by Elizabeth at his request, and with full knowledge on his part that Elizabeth paid nothing for the assignment to her, and of the fact that the plaintiff claimed the ownership of the mortgage and had requested Elizabeth to assign it to her. He had advised Elizabeth not to execute an assignment to the plaintiff, and he paid nothing for the discharge executed by Elizabeth to him.

*C. H. Knight* and *T. F. Nutter* (of Massachusetts), for the plaintiff.

*G. C. & G. K. Bartlett* and *J. S. H. Frink*, for the defendants.

SMITH, J. The discharge to the defendant Edward was made with his full knowledge that Elizabeth paid nothing for the assignment, and of the fact that the plaintiff claimed the ownership of the mortgage and had requested Elizabeth to assign it to her. He paid nothing for the discharge. The rights of the plaintiff, therefore, are to be determined as if Elizabeth now held the mortgage undischarged.

The consideration for the assignment executed by Comey was paid by the plaintiff out of her separate property, and the assignment taken in the name of Elizabeth at the plaintiff's request. The plaintiff did not intend to release her claim to the mortgage. Under this statement of facts there was a resulting trust in favor of the plaintiff.

Some days after the hearing was closed, the defendants offered proof of the law of New York in regard to resulting trusts. Whether the hearing should be reopened, or a new trial granted, are questions for the trial judge. So far as the facts are shown, no equitable grounds appear for a further hearing.

*Decree for the plaintiff.*

CLARK, J., did not sit: the others concurred.

---

66 200
68 208
68 249
68 251
68 252
68 474
68 536
66 200
69 291

66 200
70 248
70 444
70 446
70 451

66 200
71 84

66 200
72 209
72 210

66 200
e74 132
f74 394